No. 20,979.

LANDON LARGE, *Appellant,* V. C. E. SCHAFF, Receiver of THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

RAILROAD—*Injury to Passenger on Railway Platform—No Actionable Negligence of Railway Company.* Plaintiff was the purchaser of a railway ticket and was waiting on a railway platform for his train, which was due in half an hour. He was injured by a trunk which fell from the top of a baggage wagon while the wagon was turning from the public street across a drain at the street side into the railway company's private driveway alongside its platform. Plaintiff sued the railway company, charging negligence in that it knew that trunks had fallen in like manner theretofore, and that it had failed to erect some protective barricade against such falling trunks, and failed to warn the plaintiff that trunks were liable to fall from baggage wagons upon that corner of the platform. The owner and driver of the baggage wagon was not in the service of the railway company. The existence of the drain at the side of the street at the entrance to the railway company's driveway was not the fault of the railway company. *Held,* that the relation of the railway company to the accident and the negligence charged against it were altogether too remote; that the railway company was not the wrongdoer responsible for the plaintiff's injuries; and that the demurrer to plaintiff's petition was properly sustained.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed July 7, 1917. Affirmed.

*W. P. Dillard, Hubert Lardner,* and *Harry Warren,* all of Fort Scott, for the appellant.

*W. W. Brown, James W. Reid,* both of Parsons, and *J. H. Crider,* of Fort Scott, for the appellee.

Large v. Railway Co.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action for injuries sustained on the defendant's railway platform by being hit by a trunk which fell from the top of a baggage transfer wagon. The plaintiff had come to defendant's depot at Fort Scott about midday and had purchased a ticket for Chetopa, and he was waiting on the platform for his train, which was due in about half an hour. A public street skirted the railway platform on the east, and south of the platform was a private driveway belonging to the railway company, which was used by persons delivering baggage at defendant's depot. By the side of the street and at the entrance to the driveway was a drain or depression. It was this depression which caused the trunk to fall off the baggage wagon. The wagon belonged to the owner of an independent baggage transfer business, who was accustomed to deliver trunks thereabout. It was alleged that theretofore trunks had been jostled off baggage wagons in the same manner while crossing this depression—

"Plaintiff further alleges that he received said injuries above described by reason of and on account of the negligence of said defendant and his servants and employees who were looking after and taking care of said station and said station platform, in carelessly and negligently failing to put proper protection at said place, as theretofore trunks had fallen from the wagons belonging to said baggage line, and other baggage lines, at the same place, and said defendant and his employees knew of this fact, or should have known of said fact, and by the exercise of ordinary care and prudence should have known of the danger said plaintiff was in by standing at said place on said platform; that said plaintiff was not aware of and did not know of the danger he was in at said time. Defendant knew that the platform at said place was used by passengers and should have kept it safe for their use. That the private roadway belonging to said defendant at said place was only about ten feet wide, and that persons driving a baggage wagon, as was being driven at that time, would have to make a short turn in order to drive in and upon said private roadway, and that wagons so turning loaded as aforesaid, on account of the narrowness of said road, and on account of the water drain which was there, would cause trunks to be thrown from said wagon. That said defendant negligently failed in any way to warn or notify said plaintiff of the danger surrounding said place upon said platform and failed to put any warning signs in or upon said platform to warn said plaintiff of danger at said place. Plaintiff further alleges that there was no negligence on his part."

A demurrer to this petition was sustained. Hence this appeal.

The high degree of responsibility imposed on railroads for the safety of their passengers and patrons has often been expounded by this and other courts. Plaintiff's counsel cite some extreme cases extending that responsibility nearly as far as the present case, but not quite so extreme. The proximate cause of this accident was the careless loading of the baggage wagon and the careless driving of the baggageman. The condition which gave effect to this negligence was the drain or depression at the edge of the street at the entrance to the driveway alongside the platform. It is not alleged that the railway company was responsible for that depression. Presumably that drain or depression was made, properly or improperly, by the public authorities in charge of the street. The railway company had no control over the loading or driving of the baggage wagon. It had no control over the drain or depression at the side of the street. It was not at fault because it had a railway platform thereat, nor did reasonable prudence require it to construct some sort of barricade to prevent trunks carelessly loaded from falling on its platform from the top of baggage wagons driven by careless drivers across the drain or depression negligently placed at the street side in front of the entrance to its driveway. At the very most, the railway only furnished one of the conditions—a receptive one, upon which the negligence of others might operate. It furnished the platform. It is urged that the railway company should have placed some warning sign thereabout. To be of any practical value such warning would need to read something like this:

"*Warning*.—Patrons of this railway company are warned that trunks are sometimes jostled on to this platform from the top of carelessly loaded and carelessly driven baggage wagons while crossing the street drain to enter our private driveway. Look out!"

A majority of the court are of opinion that it could not be declared as a matter of law that the railway company had any such duty; that to countenance this cause of action would carry the railway company's responsibility altogether too far; that the railway company was not the wrongdoer whose negligence caused plaintiff's injuries, and that the railway company's relation to the accident was so extremely remote and attenuated that it can not be subjected to damages therefor.

The judgment is affirmed.

PORTER, J., dissents.